## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **BANK OF THE WEST,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **CIVIL ACTION FILE** |
| **CHRISTOPHER A.** | ) | |
| **MONTALBANO; JENNIFER B.** | ) | **NO. _____** |
| **MONTALBANO; DEBORAH F.** | ) | |
| **MONTALBANO; GUS A.** | ) | |
| **MONTALBANO; LSA CORP; LAND** | ) | |
| **WORK TRACTOR & EQUIPMENT,** | ) | **JURY TRIAL DEMANDED** |
| **LLC; and LIMA SIERRA ALPHA** | ) | |
| **LLC,** | ) | |
| | ) | |
| **Defendants.** | | |

## COMPLAINT

COMES NOW Plaintiff Bank of the West ("BOW"), by and through its undersigned counsel, and states the following for its complaint against Defendants Christopher A. Montalbano; Jennifer B. Montalbano; Deborah F. Montalbano; Gus A. Montalbano; LSA Corp; Land Work Tractor & Equipment, LLC; and Lima Sierra Alpha, LLC (collectively, "Defendants"):

## THE PARTIES, JURISDICTION, AND VENUE

1.     BOW is a California banking corporation with its principal place of business in San Francisco, California.

2.     Defendant Christopher Montalbano is an individual resident and citizen

of Jefferson County, Alabama.  Defendant Christopher Montalbano may be served at his residence located at 7113 Old Overton Club Drive, Vestavia Hills, AL 35242.

3.      Defendant Jennifer Montalbano is an individual resident and citizen of Shelby County, Alabama.  Defendant Jennifer Montalbano may be served at her residence located at 107 Chestnut Forest Circle, Helena, AL 35080.

4.      Defendant Deborah Montalbano is an individual resident and citizen of Jefferson County, Alabama.  Defendant Deborah Montalbano may be served at her residence located at 4142 Alston Lane, Vestavia Hills, AL 35242.

5.      Defendant Gus Montalbano is an individual resident and citizen of Jefferson County, Alabama.  Defendant Gus Montalbano may be served at his residence located at 4142 Alston Lane, Vestavia Hills, AL 35242.

6.      Defendant LSA Corp is a Delaware corporation with its principal address at 2080 Valleydale Road, Suite 16, Birmingham, AL 35244.  Defendant LSA Corp may be served at its registered office mailing address: 4142 Carmichael Road, Montgomery, AL 36106.

7.      Defendant Land Work Tractor & Equipment, LLC is a Delaware limited liability company with its principal address at 3179 Green Valley Rod, #535, Vestavia Hills, AL 35243.  Upon information and belief, Christopher Montalbano, who is a resident and citizen of Alabama, is the sole member of Land Work Tractor & Equipment, LLC.  Defendant Land Work Tractor & Equipment, LLC may be

served at its registered office mailing address: 4142 Carmichael Road, Montgomery, AL 36106.

8.     Defendant Lima Sierra Alpha, LLC is a Delaware limited liability company with its principal address at 3179 Green Valley Rod, #535, Vestavia Hills, AL 35243.  The sole member of Lima Sierra Alpha, LLC is Christopher Montalbano, who is a resident and citizen of Alabama.  Defendant Lima Sierra Alpha, LLC may be served at its registered office mailing address: 4142 Carmichael Road, Montgomery, AL 36106.

9.     All of the Defendants are affiliated and/or associated with one another. and ultimately, LSA Corp; Land Work Tractor & Equipment, LLC; and Lima Sierra Alpha, LLC are owned and/or controlled by Christopher Montalbano, Jennifer Montalbano, Deborah Montalbano, and Gus Montalbano.

10.     Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 as BOW brings claims under 18 U.S.C. § 1961 et seq., 18 U.S.C. § 1344, 18 U.S.C. § 1341, and 18 U.S.C. § 1343.  This Court has supplemental jurisdiction over the state law claims pursuant to 11 U.S.C. § 1367.

11.     Jurisdiction is also proper in this Court pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

12.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a

substantial part of the events or omissions giving rise to the claims in this case occurred in this judicial district and the Defendants in this case reside in this judicial district.

## ALLEGATION OF FACTS

13.     Each of the Defendants had actual knowledge of the matters alleged herein and conspired with the other Defendants to accomplish an unlawful end, intended to have that unlawful end brought about, and intended through such acts and combination to cause injury and damage to BOW.

14.     As set forth in more detail herein, the Defendants engaged in a fraudulent and deceptive scheme to defraud BOW into making loans secured by five boats and one recreational vehicle in excess of $1,000,000.   The individual Defendants and Lima Sierra Alpha, LLC collectively have breached six separate promissory notes and corresponding security agreements executed by them in favor of BOW (collectively, the "Loan Agreements" and each a "Loan Agreement").   This fraudulent scheme involved the creation of fraudulent loan documents, creation of fraudulent supporting documentation, creation of fictional dealerships, and creation of fictional collateral.

15.     As security for each of the loans evidenced by the Loan Agreements, Defendants Christopher Montalbano, Jennifer Montalbano, Deborah Montalbano, Gus Montalbano, and Lima Sierra Alpha, LLC, as borrowers, each agreed to provide

BOW with interest in certain collateral consisting of five boats and an RV (the "Collateral").  Four of the five boats were allegedly purchased from the corporate Defendants LSA Corp and Land Work Tractor & Equipment, LLC, identified above.

16.     Defendants Christopher Montalbano, Jennifer Montalbano, Deborah Montalbano, Gus Montalbano, and Lima Sierra Alpha, LLC, as borrowers, each executed the respective Loan Agreements set forth herein.  As described in more detail below, Defendants have breached their obligations under each Loan Agreement.

17.     The Loan Agreements provide that Defendants will be in default if any of the following occurs:

> **Payment Default.**  I fail to make any payment when due under the Indebtedness.
>
> **Break Other Promise.**  I break any promise made to Lender or fail to perform promptly at the time and strictly in the manner provided in this Agreement or in any agreement related to this Agreement.
>
> **False Statements.**  Any representation or statement made or furnished to Lender by me or on my behalf under this Agreement or the Related Documents is false or misleading in any material respect, either now or at the time made or furnished.
>
> **Defective Collateralization.**  This Agreement or any of the Related Documents ceases to be in full force and effect (including failure of any collateral document to create a valid and perfected security interest or lien) at any time and for any reason.

**Death or Insolvency.**   The death of Grantor or the dissolution or termination of Grantor's existence as a going business, the insolvency of Grantor, the appointment of a receiver for any part of Grantor's property, any assignment for the benefit of creditors, any type of creditor workout, or the commencement of any proceeding under any bankruptcy or insolvency laws by or against Grantor.

**Creditor or Forfeiture Proceedings.**   Commencement of foreclosure or forfeiture proceedings, whether by judicial proceeding, self-help, repossession or any other method, by any creditor of Grantor or by any governmental agency against any collateral securing the Indebtedness.   This includes a garnishment of any of Grantor's accounts, including deposit accounts, with Lender.   However, this Event of Default shall not apply if there is a good faith dispute by Grantor as to the validity or reasonableness of the claim which is the basis of the creditor or forfeiture proceeding and if Grantor gives Lender written notice of the creditor or forfeiture proceeding and deposits with Lender monies or a surety bond for the creditor or forfeiture proceeding, in an amount determined by Lender, in its sole discretion, as being an adequate reserve or bond for the dispute.

**Events Affecting Guarantor.**   Any of the proceeding events occurs with respect to any Guarantor of any of the indebtedness or Guarantor dies or becomes incompetent or revokes or disputes the validity of, or liability under, any Guaranty of the Indebtedness.

**Adverse Change.**   A material adverse change occurs in Grantor's financial condition, or Lender believes the prospect of payment or performance of the Indebtedness is impaired.

18.     The Loan Agreements state that in the event of default, BOW can declare all indebtedness immediately due and payable, without notice.

19.     Additionally, the Loan Agreements state that in the event of default, BOW can repossess the collateral, sell the collateral, and seek any deficiency.

20.     Defendants knew that, if approved for a loan secured by certain collateral, BOW would issue the loan proceeds in the form of a check made payable to the particular dealership that was purportedly making the sale of the collateral that was being financed with the respective loan.

21.     Defendants knew that they would have to fabricate bills of sale, fabricate income or earnings statements, create fictitious but otherwise realistic sounding names and identities of dealerships, and create the impression that the allegedly purchased collateral actually existed.

22.     Knowing the requirements to obtain the fraudulent loan proceeds, Defendants began implementing their fraudulent scheme by creating and generating the forms of the bills of sale and creating false and/or fraudulent dealerships and employers, including creating websites for some of the fictitious entities.

23.     On November 26, 2016, Christopher Montalbano applied for a loan with BOW (loan number 849431352) in the amount of $103,685.00, purportedly for the purchase of a 2016 Mastercraft Xstar Power Boat.

24.     In connection with Christopher Montalbano's application, he represented that he earned $34,830.00 in gross monthly income from "the Arete Group, Inc." where he served as VP.

7

25.    Defendant Christopher Montalbano also submitted what purported to be a bill of sale for the 2016 Mastercraft Xstar Power Boat, representing that it was being sold by LSA Corporation, allegedly located at 107 David Green Road, Suite F, Birmingham, AL 35244.  A true and correct copy of said bill of sale is attached hereto as Plaintiff's Exhibit 1.

26.    The bill of sale purported to show a serial number for the 2016 Mastercraft Boat, USMBCSNDB515; a factory warranty balance of 39 hours; and a deposit payment of $5,000.

27.    In reliance on the information submitted by Christopher Montalbano and LSA Corporation, BOW issued a loan proceeds check in the amount of $103,685.00 to LSA Corporation.  A true and correct copy of the November 28, 2016 Check is attached hereto as Plaintiff's Exhibit 2.

28.    Upon information and belief, Defendant Christopher Montalbano was not employed by "the Arete Group, Inc." and did not earn $34,830.00 per month, as represented.

29.    Moreover, upon information and belief, neither LSA Corporation nor any other boat dealership was actually located at 107 David Green Road, Suite F, Birmingham, AL 35244, and LSA Corporation is not a bona fide boat dealership, but another entity created by Defendants for the purpose of fraudulently procuring loans.

30.     Upon information and belief, Christopher Montalbano does not have, and never had, possession of the boat allegedly purchased with the loan proceeds. Instead, Defendant Christopher Montalbano received and has used the loan proceeds unlawfully, and the collateral does not exist.

31.     Christopher Montalbano failed to make his payment that was due on October 10, 2019, and, as of December 24, 2019, his loan is in default.

32.     On April 21, 2018, Jennifer Montalbano applied for a loan with BOW (loan number 849506545) in the amount of $85,463.25 purportedly for the purchase of a 2017 Malibu 23LSV Wakesetter Power Boat.

33.     In connection with Jennifer Montalbano's application, she represented that she earned $9,550.00 in gross monthly income from Anthony & Co. where she served as VP of Sales.

34.     Defendant Jennifer Montalbano also submitted what purported to be a bill of sale for the 2017 Malibu Power Boat, representing that it was being sold by LSA Corporation, allegedly located at 107 David Green Road, Birmingham, AL 35244.  A true and correct copy of said bill of sale is attached hereto as Plaintiff's Exhibit 3.

35.     The bill of sale purported to show a serial number for the 2017 Malibu Power Boat of MB2S2464K617 and a down payment of $30,124.08.

36.     In reliance on the information submitted by Jennifer Montalbano and

LSA Corporation, BOW issued a loan proceeds check in the amount of $85,010.00 to LSA Corporation.  A true and correct copy of the April 26, 2018 Check is attached hereto as Plaintiff's Exhibit 4.

37.     Upon information and belief, Defendant Jennifer Montalbano was not employed by Anthony & Co. as VP of Sales and did not earn $9,550.00 per month, as represented.

38.     Moreover, upon information and belief, neither LSA Corporation nor any other boat dealership was actually located at 107 David Green Road, Birmingham, AL 35244, and LSA Corporation is not a bona fide boat dealership, but another entity created by Defendants for the purpose of fraudulently procuring loans.

39.     Upon information and belief, Jennifer Montalbano does not have, and never had, possession of the boat allegedly purchased with the loan proceeds. Instead, Defendant Jennifer Montalbano received and has used the loan proceeds unlawfully, and the collateral does not exist.

40.     On February 12, 2019, Deborah Montalbano applied for a loan with BOW (loan number 849548884) in the amount of $109,415.25 purportedly for the purchase of a 2017 Mastercraft X46 Premium Power Boat.

41.     In connection with Deborah Montalbano's application, she represented that she earned $16,950.00 in gross monthly income from the Arete Group, Inc.

where she served as VP of Sales.

42.     Defendant Deborah Montalbano also submitted what purported to be a bill of sale for the 2017 Mastercraft Power Boat, representing that it was being sold by LSA Corporation d/b/a LSA Autos, allegedly located at 107 David Green Road, Birmingham, AL 35244.  A true and correct copy of said bill of sale is attached hereto as Plaintiff's Exhibit 5.

43.     The bill of sale purported to show a serial number for the 2017 Mastercraft Power Boat of MBC8NFW3N833 and a down payment of $11,685.00.

44.     In reliance on the information submitted by Deborah Montalbano and LSA Corporation, BOW issued a loan proceeds check in the amount of $108,962.00 to LSA Corporation.  A true and correct copy of the February 15, 2019 Check is attached hereto as Plaintiff's Exhibit 6.

45.     Upon information and belief, Defendant Deborah Montalbano was not employed by the Arete Group, Inc. and did not earn $16,950.00 per month, as represented.

46.     Moreover, upon information and belief, neither LSA Corporation, LSA Autos, nor any other boat dealership was actually located at 107 David Green Road, Birmingham, AL 35244, and LSA Corporation d/b/a LSA Autos is not a bona fide boat dealership, but another entity created by Defendants for the purpose of fraudulently procuring loans.

47.     Upon information and belief, Deborah Montalbano does not have, and never had, possession of the boat allegedly purchased with the loan proceeds. Instead, Defendant Deborah Montalbano received and has used the loan proceeds unlawfully, and the collateral does not exist.

48.     Deborah Montalbano failed to make her payment that was due on October 29, 2019, and, as of December 24, 2019, her loan is in default.

49.     On July 25, 2019, Christopher Montalbano applied for a loan with BOW (loan number 849580913) in the amount of $152,019.25 purportedly for the purchase of a 2019 Mastercraft X24 Power Boat.

50.     In connection with Christopher Montalbano's application, he represented that he earned $81,979.00 in gross monthly income from "LSA Corp." where he served as VP and $6,500.00 in gross secondary monthly income from an undisclosed income source.

51.     Defendant Christopher Montalbano also submitted what purported to be a bill of sale for the 2019 Mastercraft Power Boat, representing that it was being sold by Land Work Tractor & Equipment, LLC, allegedly located at 191 Meadow Lands Dr, Vincent, AL 35178.  A true and correct copy of said bill of sale is attached hereto as Plaintiff's Exhibit 7.

52.     The bill of sale purported to show a serial number for the 2019 Mastercraft Power Boat, MBC9JKM8K319, and a down payment of $17,776.50.

53.     In reliance on the information submitted by Christopher Montalbano and Land Work Tractor & Equipment, LLC, BOW issued a loan proceeds check in the amount of $151,566.00 to Land Work Tractor & Equipment, LLC.  A true and correct copy of the July 26, 2019 Check is attached hereto as Plaintiff's Exhibit 8.

54.     Upon information and belief, Defendant Christopher Montalbano was not employed by "LSA Corp." and did not earn $81,979.00 per month, as represented.

55.     Moreover, upon information and belief, Land Work Tractor & Equipment, LLC nor any other boat dealership was actually located at 191 Meadow Lands Dr, Vincent, AL 35178, and Land Work Tractor & Equipment, LLC is not a bona fide boat dealership, but another entity created by Defendants for the purpose of fraudulently procuring loans.

56.     Upon information and belief, Christopher Montalbano does not have, and never had, possession of the boat allegedly purchased with the loan proceeds. Instead, Defendant Christopher Montalbano received and has used the loan proceeds unlawfully, and the collateral does not exist.

57.     Christopher Montalbano did not make his payment that was due on November 8, 2019, and, as of December 24, 2019, his loan is in default.

58.     As described above, Defendants provided serial numbers, hull numbers, VIN numbers, and/or other identifying information to BOW for various

13

boats that Defendants provided to BOW as security and Collateral for the various Loans evidenced by the Loan Agreements.

59.     Defendants have failed and refused to provide verification of the serial numbers, hull numbers, VIN numbers, and/or other identifying information to BOW for the Collateral and have refused to permit BOW to inspect the collateral.

60.     Upon information and belief, BOW submits that the collateral for loan numbers 849431352, 849506545, 849548884, and 849580913 does not exist. Defendants fabricated documents demonstrating their existence to induce BOW to issue loan proceeds to the fraudulent dealerships and actually obtained the loan proceeds for themselves instead with respect to these four loans.

61.     On August 6, 2019, Christopher Montalbano and Lima Sierra Alpha, LLC applied for a loan with BOW (loan number 849583145) in the amount of $500,009.00 for the purchase of a 2019 American Eagle 45T Motor Home.

62.     In connection with Christopher Montalbano and Lima Sierra Alpha, LLC's application, he represented that he earned $82,640.00 in gross monthly income from "LSA Corp." where he served as "EVP."

63.     Defendant Christopher Montalbano represented that the purpose of the requested loan was for purchase of a 2019 American Eagle 45T Motor Home, VIN number 4UZFCGFG9KCKX9010, being sold by Motor Home Specialist.  A true and correct copy of said bill of sale is attached hereto as Plaintiff's Exhibit 9.

14

64.     In reliance on the information submitted by Christopher Montalbano and Motorhome Specialist, BOW issued a loan proceeds check in the amount of $499,550.00 to Motorhome Specialist.  A true and correct copy of the August 7, 2019 Check is attached hereto as Plaintiff's Exhibit 10.

65.     On October 3, 2019, BOW sent Lima Sierra Alpha, LLC and Christopher Montalbano a letter requesting the original Certificate of Title for the collateral, as they agreed to provide.

66.     To date, despite the borrowers' agreement and BOW's request, neither Lima Sierra Alpha, LLC, Christopher Montalbano, nor Motorhome Specialist has delivered the vehicle's title to BOW.

67.     Upon information and belief, Defendant Christopher Montalbano was not employed by "LSA Corp." and did not earn $82,640.00 per month, as represented.

68.     Moreover, upon information and belief, Lima Sierra Alpha, LLC is not a bona fide business, but another entity created by Defendants for the purpose of fraudulently procuring loans.

69.     Christopher Montalbano and Lima Sierra Alpha, LLC failed to make their payment that was due on November 20, 2019, and, as of December 24, 2019, their loan is in default.

70.     On May 12, 2015, Gus Montalbano applied for a loan with BOW (loan

number 849350186) in the amount of $115,670.53 for the purchase of a 2015 Mastercraft CO X46 Power Boat and 2015 Mastercraft X46 Trailer.

71.     In connection with Gus Montalbano's application, he represented that he earned $24,911.92 in gross monthly income from "the Arete Group, Inc./Sun Field Services" where he served as Vice President, and $1,097.90 gross secondary monthly income from social security.

72.     Defendant Gus Montalbano represented that the purpose of the requested loan was for purchase of a 2015 Mastercraft CO X46 Power Boat, hull number MBC7NDP3J415, and 2015 Mastercraft X46 Trailer, VIN number 19MSB2829F2G50094, being sold by Rambo Marine, Inc.  A true and correct copy of said bill of sale is attached hereto as Plaintiff's Exhibit 11.

73.     In reliance on the information submitted by Christopher Montalbano and Rambo Marine, BOW issued a loan proceeds check in the amount of $115,395.53 to Rambo Marine.  A true and correct copy of the May 13, 2015 Check is attached hereto as Plaintiff's Exhibit 12.

74.     To date, despite Gus Montalbano's agreement, neither Gus Montalbano nor Rambo Marine has delivered the vehicle's title to BOW.

75.     Upon information and belief, Defendant Gus Montalbano was not employed by "the Arete Group, Inc./Sun Field Services" and did not earn $24,911.92 per month, as represented.

76.     Gus Montalbano failed to make his payment that was due on September 26, 2019, and, as of December 24, 2019, his loan is in default.

77.     Christopher Montalbano, Gus Montalbano, and Lima Sierra Alpha, LLC have failed to provide BOW with copies of the title to the collateral offered for loan numbers 849583145 and 849350186 and, upon information and belief, title to the collateral for these two loans is held by other entities or individuals.

78.     Defendants provided false, misleading, and/or incomplete information regarding (i) the nature, purpose, and intent of the Loans, and (ii) the Collateral, including false, misleading, and/or incomplete information regarding serial numbers, hull number, VIN numbers, other identifying information about the Collateral, false identification of the Collateral, false, misleading, and/or incomplete information regarding Defendants' ownership or right to such Collateral, and/or (iii) Defendants otherwise failed to provide truthful and complete information to BOW about the Collateral and the Loans in order to induce BOW to make the Loans to Defendants (all collectively referred to herein as the "False Information").

79.     Defendants had a duty to provide truthful, accurate, and complete information to BOW about the Collateral, and about the nature, intent, and purpose of the Loans.

80.     Defendants knew or should have known that the False Information provided was false and/or incomplete.

81.     Defendants used the False Information to separately and collectively carry out a fraudulent purpose or scheme against BOW, and as part of an effort to induce BOW to make the Loans to Defendants.

82.     BOW relied on the False Information when making the Loans.

83.     As a direct, proximate, intended, and foreseeable result of Defendants' acts and omissions, and BOW's reliance thereon, BOW has been damaged and continues to incur damages.

## COUNT ONE – BREACH OF CONTRACT (LOAN AGREEMENT) AGAINST DEFENDANT CHRISTOPHER MONTALBANO (LOAN NUMBER 849431352)

84.     BOW adopts, restates, and re-alleges Paragraphs 1-83 above as if fully set forth herein.

85.     On or about November 26, 2016, Christopher Montalbano entered into a valid and binding contract with BOW as evidenced by and reflected in the Loan Agreement identified by loan number 849431352.

86.     Pursuant to the Loan Agreement, Christopher Montalbano agreed and was obligated to pay $103,685.00 plus interest in the amount of 4.443% until paid in full.

87.     Pursuant to the Loan Agreement, Christopher Montalbano made certain representations regarding the property in which he was giving BOW a security interest, namely, a 2016 Mastercraft Xstar Power Boat, Hull # USMBCSNDB515,

including that he was the lawful owner of the property and that he had the full authority and right to enter into the Agreement and to grant a security interest in the property to BOW.  Christopher Montalbano's representations in such regard were false at the times he made them and are false today.

88.    Christopher Montalbano is in default of the terms of the Agreement, because, among other things, he misrepresented the facts that BOW considered when reviewing and approving his loan request, and he failed to make a payment when it was due on or about October 10, 2019.

89.    As a result of Christopher Montalbano's default, BOW hereby accelerates the indebtedness and demands payment in full, as permitted under the Loan Agreement.  A true and correct copy of C. Montalbano's transaction summary is attached hereto as Plaintiff's Exhibit 13.

90.    Accordingly, BOW is entitled to judgment against Christopher Montalbano for $96,328.03, as of December 24, 2019, plus interest, plus attorneys' fees and expenses, as provided for by the Loan Agreement.

## COUNT TWO – BREACH OF CONTRACT (LOAN AGREEMENT) AGAINST DEFENDANT JENNIFER MONTALBANO (LOAN NUMBER 849506545)

91.    BOW adopts, restates, and re-alleges Paragraphs 1-90 above as if fully set forth herein.

92.    On or about April 21, 2018, Jennifer Montalbano entered into a valid

and binding contract with BOW as evidenced by and reflected in the Loan Agreement identified by loan number 849506545.

93.  Pursuant to the Loan Agreement, Jennifer Montalbano agreed and was obligated to pay $85,463.25 plus interest in the amount of 5.528% until paid in full.

94.  Pursuant to the Loan Agreement, Jennifer Montalbano made certain representations regarding the property in which she was giving BOW a security interest, namely, a 2017 Malibu 23LSV Wakesetter Power Boat, Hull # MB2S2464K617, including that she was the lawful owner of the property and that she had the full authority and right to enter into the Agreement and to grant a security interest in the property to BOW.  Jennifer Montalbano's representations in such regard were false at the times she made them and are false today.

95.  Jennifer Montalbano is in default of the terms of the Agreement, because, among other things, she misrepresented the facts that BOW considered when reviewing and approving her loan request.

96.  As a result of Jennifer Montalbano's default, BOW hereby accelerates the indebtedness and demands payment in full, as permitted under the Loan Agreement.  A true and correct copy of Jennifer Montalbano's transaction summary is attached hereto as Plaintiff's Exhibit 14.

97.  Accordingly, BOW is entitled to judgment against Jennifer Montalbano for $81,319.26, as of December 24, 2019, plus interest, plus attorneys' fees and

expenses, as provided for by the Loan Agreement.

### COUNT THREE – BREACH OF CONTRACT (LOAN AGREEMENT) AGAINST DEFENDANT DEBORAH MONTALBANO (LOAN NUMBER 849548884)

98.    BOW adopts, restates, and re-alleges Paragraphs 1-97 above as if fully set forth herein.

99.    On or about February 12, 2019, Deborah Montalbano entered into a valid and binding contract with BOW as evidenced by and reflected in the Loan Agreement identified by loan number 849548884.

100.    Pursuant to the Loan Agreement, Deborah Montalbano agreed and was obligated to pay $109,415.25 plus interest in the amount of 5.204% until paid in full.

101.    Pursuant to the Loan Agreement, Deborah Montalbano made certain representations regarding the property in which she was giving BOW a security interest, namely, a 2017 Mastercraft X46 Premium Power Boat, Hull # MBC8NFW3N833, including that she was the lawful owner of the property and that she had the full authority and right to enter into the Agreement and to grant a security interest in the property to BOW.  Deborah Montalbano's representations in such regard were false at the time she made them and are false today.

102.    Deborah Montalbano is in default of the terms of the Agreement, because, among other things, she misrepresented the facts that BOW considered when reviewing and approving her loan request, and she failed to make a payment

when it was due on or about October 29, 2019.

103.   As a result of Deborah Montalbano's default, BOW hereby accelerates the indebtedness and demands payment in full, as permitted under the Loan Agreement.  A true and correct copy of Deborah Montalbano's transaction summary is attached hereto as Plaintiff's Exhibit 15.

104.   Accordingly, BOW is entitled to judgment against Deborah Montalbano for $109,323.04, as of December 24, 2019, plus interest, plus attorneys' fees and expenses, as provided for by the Loan Agreement.

### COUNT FOUR – BREACH OF CONTRACT (LOAN AGREEMENT) AGAINST DEFENDANT CHRISTOPHER MONTALBANO (LOAN NUMBER 849580913)

105.   BOW adopts, restates, and re-alleges Paragraphs 1-104 above as if fully set forth herein.

106.   On or about July 25, 2019, Christopher Montalbano entered into a valid and binding contract with BOW as evidenced by and reflected in the Loan Agreement identified by loan number 849580913.

107.   Pursuant to the Loan Agreement, Christopher Montalbano agreed and was obligated to pay $152,019.25 plus interest in the amount of 5.316% until paid in full.

108.   Pursuant to the Loan Agreement, Christopher Montalbano made certain representations regarding the property in which he was giving BOW a security

interest, namely, 2019 Mastercraft X24 Power Boat, Hull # MBC9JKM8K319, including that he was the lawful owner of the property and that he had the full authority and right to enter into the Agreement and to grant a security interest in the property to BOW. Christopher Montalbano's representations in such regard were false at the times he made them and are false today.

109.   Christopher Montalbano is in default of the terms of the Agreement, because, among other things, he misrepresented the facts that BOW considered when reviewing and approving his loan request, and he failed to make a payment when it was due on November 8, 2019.

110.   As a result of Christopher Montalbano's default, BOW hereby accelerates the indebtedness and demands payment in full, as permitted under the Loan Agreement. A true and correct copy of Christopher Montalbano's transaction summary is attached hereto as Plaintiff's Exhibit 16.

111.   Accordingly, BOW is entitled to judgment against Christopher Montalbano for $153,423.38, as of December 24, 2019, plus interest, plus attorneys' fees and expenses, as provided for by the Loan Agreement.

## COUNT FIVE – BREACH OF CONTRACT (LOAN AGREEMENT) AGAINST DEFENDANTS CHRISTOPHER MONTALBANO AND LIMA SIERRA ALPHA, LLC (LOAN NUMBER 849583145)

112.   BOW adopts, restates, and re-alleges Paragraphs 1-111 above as if fully set forth herein.

113.   On or about August 6, 2019, Christopher Montalbano and Lima Sierra Alpha, LLC entered into a valid and binding contract with BOW as evidenced by and reflected in the Loan Agreement identified by loan number 849583145.

114.   Pursuant to the Loan Agreement, Christopher Montalbano and Lima Sierra Alpha, LLC agreed and were obligated to pay $500,009.00 plus interest in the amount of 5.335% until paid in full.

115.   Pursuant to the Loan Agreement, Christopher Montalbano and Lima Sierra Alpha, LLC made certain representations regarding the property in which they were giving BOW a security interest, namely, a 2019 American Eagle 45T Motor Home, VIN # 4UZFCGFG9KCKX9010, including that they were the lawful owner of the property, that they had the full authority and right to enter into the Agreement and to grant a security interest in the property to BOW, and that they would take whatever actions requested by BOW to perfect and continue BOW's security interest in the collateral.   Christopher Montalbano and Lima Sierra Alpha, LLC's representations in such regard were false at the times they made them and are false today.  To date, Christopher Montalbano and Lima Sierra Alpha, LLC have failed to provide the Original Certificate of Title (or a copy of the title) listing BOW as lienholder.

116.   Christopher Montalbano and Lima Sierra Alpha, LLC are in default of the terms of the Agreement, because, among other things, they misrepresented the

facts that BOW considered when reviewing and approving their loan request, have failed to provide BOW with a Certificate of Title for the collateral, as requested by BOW, and failed to make a payment when it was due on November 20, 2019.

117.   As a result of Christopher Montalbano and Lima Sierra Alpha, LLC's default, BOW hereby accelerates the indebtedness and demands payment in full, as permitted under the Loan Agreement.   A true and correct copy of Christopher Montalbano and Lima Sierra Alpha's transaction summary is attached hereto as Plaintiff's Exhibit 17.

118.   Accordingly, BOW is entitled to judgment against Christopher Montalbano and Lima Sierra Alpha, LLC for $500,072.18, as of December 24, 2019, plus interest, plus attorneys' fees and expenses, as provided for by the Loan Agreement.

### COUNT SIX – BREACH OF CONTRACT (LOAN AGREEMENT) AGAINST DEFENDANT GUS MONTALBANO (LOAN NUMBER 849350186)

119.   BOW adopts, restates, and re-alleges Paragraphs 1-118 above as if fully set forth herein.

120.   On or about May 12, 2015, Gus Montalbano entered into a valid and binding contract with BOW as evidenced by and reflected in the Loan Agreement identified by loan number 849350186.

121.   Pursuant to the Loan Agreement, Gus Montalbano agreed and was

obligated to pay $115,670.53 plus interest in the amount of 4.094% until paid in full.

122.   Pursuant to the Loan Agreement, Gus Montalbano made certain representations regarding the property in which he was giving BOW a security interest, namely, 2015 Mastercraft CO X46 Power Boat, hull number MBC7NDP3J415, and 2015 Mastercraft X46 Trailer, VIN number 19MSB2829F2G50094, including that he was the lawful owner of the property, that he had the full authority and right to enter into the Agreement and to grant a security interest in the property to BOW, and that he would take whatever actions requested by BOW to perfect and continue BOW's security interest in the collateral.   Gus Montalbano's representations in such regard were false at the times he made them and are false today.   To date, Gus Montalbano has failed to provide the Original Certificate of Title (or a copy of the title) listing BOW as lienholder.

123.   Gus Montalbano is in default of the terms of the Agreement, because, among other things, he misrepresented the facts that BOW considered when reviewing and approving his loan request, has failed to provide BOW with a Certificate of Title for the collateral, and failed to make a payment when it was due on September 26, 2019.

124.   As a result of Gus Montalbano's default, BOW hereby accelerates the indebtedness and demands payment in full, as permitted under the Loan Agreement. A true and correct copy of Gus Montalbano's transaction summary is attached hereto

as Plaintiff's Exhibit 18.

125.    Accordingly, BOW is entitled to judgment against Gus Montalbano for $101,155.82, as of December 24, 2019, plus interest, plus attorneys' fees and expenses, as provided for by the Loan Agreement.

## COUNT SEVEN – UNJUST ENRICHMENT AGAINST ALL DEFENDANTS

126.    BOW adopts, restates, and re-alleges Paragraphs 1-125 above as if fully set forth herein.

127.    BOW conferred a benefit on Defendants by loaning them money pursuant to the six Loan Agreements described above.

128.    Defendants had knowledge that BOW loaned them money pursuant to the Loan Agreements, and it was reasonable for BOW to expect Defendants to pay back this money, plus applicable interest.

129.    Defendants have failed to repay BOW the principal balances due under the Loan Agreements, and it would be inequitable and unfair to allow Defendants to retain this money.

130.    Accordingly, BOW is entitled to judgment in its favor and against Defendants, including (i) an award of compensatory damages, special damages, costs, and interest; (ii) an award of BOW's reasonable attorneys' fees, expenses, and costs incurred as a result of Defendants' acts and omissions, including the prosecution of this action; and (iii) all other relief available under Alabama law.

## <u>COUNT EIGHT – NELGIGENT MISREPRESENTATION AGAINST DEFENDANTS CHRISTOPHER MONTALBANO, JENNIFER MONTALBANO, DEBORAH MONTALBANO, GUS MONTALBANO, and LIMA SIERRA ALPHA, LLC</u>

131.   BOW adopts, restates, and realleges Paragraphs 1-130 above as if fully set forth herein.

132.   As set forth in detail above, Christopher Montalbano represented to BOW that the following equipment would serve as Collateral for two of the Loans, and represented that all of the information provided to BOW by Christopher Montalbano about such equipment was accurate and complete:

- o  2016 Mastercraft Xstar Power Boat Hull # USMBCSNDB515, and
- o  2019 Mastercraft X24 Power Boat Hull # MBC9JKM8K319.

133.   As set forth in detail above, Jennifer Montalbano represented to BOW that the following equipment would serve as Collateral for the Loan Agreement she entered into with BOW, and represented that all of the information provided to BOW by Jennifer Montalbano about such equipment was accurate and complete:

- o  2017 Malibu 23LSV Wakesetter Power Boat Hull # MB2S2464K617.

134.   As set forth in detail above, Deborah Montalbano represented to BOW that the following equipment would serve as Collateral for the Loan Agreement she entered into with BOW, and represented that all of the information provided to BOW by Deborah Montalbano about such equipment was accurate and complete:

- o  2017 Mastercraft X46 Premium Power Boat Hull #

28

MBC8NFW3N833.

135.   As set forth in detail above, Christopher Montalbano and Lima Sierra Alpha, LLC, represented to BOW that the following equipment would serve as Collateral for the Loan Agreement they entered into with BOW, and represented that all of the information provided to BOW by Christopher Montalbano and Lima Sierra Alpha, LLC about such equipment was accurate and complete:

- o 2019 American Eagle 45T Motor Home, VIN # 4UZFCGFG9KCKX9010.

136.   As set forth in detail above, Gus Montalbano represented to BOW that the following equipment would serve as Collateral for the Loan Agreement he entered into with BOW, and represented that all of the information provided to BOW by Gus Montalbano about such equipment was accurate and complete:

- o 2015 Mastercraft CO X46 Premium Power Boat Hull # MBC7NDP3J415, and 2015 Mastercraft X46 Trailer Vin # 19MSB2829F2G50094.

137.   Defendants had a duty to provide truthful, accurate, and complete information to BOW about the Collateral, and about the nature, intent, and purpose of the Loans.

138.   Defendants negligently represented the False Information regarding the Loans and the Collateral, as set forth above.

139.   Defendants knew or should have known that the False Information regarding the Loans and Collateral, as set forth above, was false and/or incomplete.

140.   The False Information regarding the Loans and Collateral, as set forth above, constitute material facts.

141.   Defendants knew or should have known their representations to BOW were false when they made them to BOW.

142.   Defendants made the representations to BOW recklessly and without regard to their truth or falsity.

143.   BOW had no knowledge that Defendants' representations were false.

144.   BOW relied on Defendants' representations when it made each Loan.

145.   BOW's reliance on Defendants' negligent misrepresentations was reasonable under the circumstances.

146.   As a direct, proximate, and foreseeable result of Defendants' acts and omissions as described herein, and BOW's reliance thereon, BOW has suffered injuries and damages (and continues to incur such injuries and damages), in that BOW has not been repaid for the Loans and has not been able to view, verify, or repossess the Collateral.

147.   Accordingly, BOW is entitled to judgment in its factor and against each of the Defendants, including an award of compensatory damages, special damages, costs, expenses, interest, and all other relief available under law.

## COUNT NINE – FRAUDULENT MISREPRESENTATION AGAINST DEFENDNATS CHRISTOPHER MONTALBANO, JENNIFER MONTALBANO, DEBORAH MONTALBANO, GUS MONTALBANO, and LIMA SIERRA ALPHA, LLC

148.   BOW adopts, restates, and realleges Paragraphs 1-147 above as if fully set forth herein.

149.   As set forth in detail above, Christopher Montalbano represented to BOW that the following equipment would serve as Collateral for two of the Loans, and represented that all of the information provided to BOW by Christopher Montalbano about such equipment was accurate and complete:

- o 2016 Mastercraft Xstar Power Boat Hull # USMBCSNDB515, and
- o 2019 Mastercraft X24 Power Boat Hull # MBC9JKM8K319.

150.   As set forth in detail above, Jennifer Montalbano represented to BOW that the following equipment would serve as Collateral for the Loan Agreement she entered into with BOW, and represented that all of the information provided to BOW by Jennifer Montalbano about such equipment was accurate and complete:

- o 2017 Malibu 23LSV Wakesetter Power Boat Hull # MB2S2464K617.

151.   As set forth in detail above, Deborah Montalbano represented to BOW that the following equipment would serve as Collateral for the Loan Agreement she entered into with BOW, and represented that all of the information provided to BOW by Deborah Montalbano about such equipment was accurate and complete:

- o 2017 Mastercraft X46 Premium Power Boat Hull #

MBC8NFW3N833.

152.   As set forth in detail above, Christopher Montalbano and Lima Sierra Alpha, LLC, represented to BOW that the following equipment would serve as Collateral for the Loan Agreement they entered into with BOW, and represented that all of the information provided to BOW by Christopher Montalbano and Lima Sierra Alpha, LLC about such equipment was accurate and complete:

> o   2019 American Eagle 45T Motor Home, VIN # 4UZFCGFG9KCKX9010.

153.   As set forth in detail above, Gus Montalbano represented to BOW that the following equipment would serve as Collateral for the Loan Agreement he entered into with BOW, and represented that all of the information provided to BOW by Gus Montalbano about such equipment was accurate and complete:

> o   2015 Mastercraft CO X46 Premium Power Boat Hull # MBC7NDP3J415, and 2015 Mastercraft X46 Trailer Vin # 19MSB2829F2G50094.

154.   Defendants had a duty to provide truthful, accurate, and complete information to BOW about the Collateral, and about the nature, intent, and purpose of the Loans.

155.   Defendants intentionally misrepresented the False Information regarding the Loans and the Collateral, as set forth above.

156.   Defendants knew or should have known that the False Information regarding the Loans and Collateral, as set forth above, was false and/or incomplete.

157.   The False Information regarding the Loans and Collateral set forth above constitute material facts.

158.   Defendants knew or should have known their representations to BOW were false when they made them to BOW.

159.   Defendants' representations to BOW were made willfully with the intent to deceive, recklessly, with knowledge of their falsity, and as part of a plan and/or scheme to defraud BOW.

160.   Defendants' actions were gross, oppressive, malicious, and committed with the intention of causing injury and damage to BOW.

161.   BOW had no knowledge that Defendants' representations were false.

162.   BOW relied on Defendants' representations when it made each Loan.

163.   BOW acted to its detriment by entering into the Loan Agreements with the Defendants and making each Loan.

164.   BOW's reliance on Defendants' representations was reasonable under the circumstances.

165.   At the time BOW loaned the money to Defendants, Defendants knew that BOW would incur special losses and damages, including without limitation loss of the loan amounts and loss of the alleged security.

166.   Defendants' actions constitute an actionable fraud under Alabama law as to BOW.

167.   As a direct, proximate, and foreseeable result of Defendants' acts and omissions as described herein, and BOW's reliance thereon, BOW has suffered injuries and damages (and continues to incur such injuries and damages), in that BOW has not been repaid for the Loans and has not been able to view, verify, or repossess the Collateral.

168.   Accordingly, BOW is entitled to judgment in its favor and against each of the Defendants, including an award of compensatory damages, special damages, punitive damages, exemplary damages, costs, expenses, interest, and all other relief available under law.

## COUNT TEN – FRAUDULENT SUPPRESSION/OMISSION AGAINST DEFENDANTS CHRISTOPHER MONTALBANO, JENNIFER MONTALBANO, DEBORAH MONTALBANO, GUS MONTALBANO, and LIMA SIERRA ALPHA, LLC

169.   BOW adopts, restates, and re-alleges Paragraphs 1-168 above as if fully set forth herein.

170.   As set forth in detail above, Christopher Montalbano represented to BOW that the following equipment would serve as Collateral for two of the Loans, and represented that all of the information provided to BOW by Christopher Montalbano about such equipment was accurate and complete:

- o 2016 Mastercraft Xstar Power Boat Hull # USMBCSNDB515, and
- o 2019 Mastercraft X24 Power Boat Hull # MBC9JKM8K319.

171.   As set forth in detail above, Jennifer Montalbano represented to BOW

that the following equipment would serve as Collateral for the Loan Agreement she entered into with BOW, and represented that all of the information provided to BOW by Jennifer Montalbano about such equipment was accurate and complete:

       o   2017 Malibu 23LSV Wakesetter Power Boat Hull # MB2S2464K617.

172.   As set forth in detail above, Deborah Montalbano represented to BOW that the following equipment would serve as Collateral for the Loan Agreement she entered into with BOW, and represented that all of the information provided to BOW by Deborah Montalbano about such equipment was accurate and complete:

       o   2017 Mastercraft X46 Premium Power Boat Hull # MBC8NFW3N833.

173.   As set forth in detail above, Christopher Montalbano and Lima Sierra Alpha, LLC, represented to BOW that the following equipment would serve as Collateral for the Loan Agreement they entered into with BOW, and represented that all of the information provided to BOW by Christopher Montalbano and Lima Sierra Alpha, LLC about such equipment was accurate and complete:

       o    2019 American Eagle 45T Motor Home, VIN # 4UZFCGFG9KCKX9010.

174.   As set forth in detail above, Gus Montalbano represented to BOW that the following equipment would serve as Collateral for the Loan Agreement he entered into with BOW, and represented that all of the information provided to BOW by Gus Montalbano about such equipment was accurate and complete:

○ 2015 Mastercraft CO X46 Premium Power Boat Hull # MBC7NDP3J415, and 2015 Mastercraft X46 Trailer Vin # 19MSB2829F2G50094.

175. Defendants had a duty to provide truthful, accurate, and complete information to BOW about the Collateral, and about the nature, intent, and purpose of the Loans.

176. Defendants intentionally misrepresented the False Information regarding the Loans and the Collateral, as set forth above.

177. Defendants knew or should have known that the False Information regarding the Loans and Collateral, as set forth above, was false and/or incomplete.

178. The False Information regarding the Loans and Collateral, as set forth above, constitute material facts.

179. Defendants knew or should have known their representations to BOW were false when they made them to BOW, and knew or should have known that they were not disclosing (and were otherwise omitting and/or suppressing) material facts.

180. Defendants' representations (and omission/suppression of material facts) to BOW were made willfully with the intent to deceive, recklessly, with knowledge of their falsity, and as part of a plan and/or scheme to defraud BOW.

181. Defendants' actions were gross, oppressive, malicious, and committed with the intention of causing injury and damage to BOW.

182. BOW had no knowledge that Defendants' representations were false,

or that Defendants were suppressing and/or omitting material facts regarding the Loans or the Collateral.

183.   BOW relied on Defendants' representations when it made each Loan.

184.   BOW acted to its detriment by entering into the Loan Agreements with the Defendants and making each Loan.

185.   BOW's reliance on Defendants' representations was reasonable under the circumstances.

186.   At the time BOW loaned the money to Defendants, Defendants knew that BOW would incur special losses and damages, including without limitation loss of the loan amounts and loss of the alleged security.

187.   Defendants' actions constitute an actionable fraud under Alabama law as to BOW.

188.   As a direct, proximate, and foreseeable result of Defendants' acts and omissions as described herein, and BOW's reliance thereon, BOW has suffered injuries and damages (and continues to incur such injuries and damages), in that BOW has not been repaid for the Loans and has not been able to view, verify, or repossess the Collateral.

189.   Accordingly, BOW is entitled to judgment in its favor and against each of the Defendants, including an award of compensatory damages, special damages, punitive damages, exemplary damages, costs, expenses, interest, and all other relief

available under law.

## COUNT ELEVEN – CONSPIRACY AGAINST ALL DEFENDANTS

190.   BOW adopts, restates, and re-alleges Paragraphs 1-189 above as if fully set forth herein.

191.   Defendants agreed and conspired among each other to act in concert to accomplish the wrongful acts described herein, and to intentionally conceal the true nature of Defendants' financial condition, assets, and ownership of the Collateral.

192.   Each Defendant had knowledge of, and agreed to participate in, the agreement, conspiracy, and concerted actions towards BOW.

193.   Defendants intended that their agreement, conspiracy, and concerted actions result in the wrongful acts and harm described herein.

194.   As a direct, proximate, and foreseeable result of Defendants' agreement, conspiracy, and concerted actions as described herein, BOW has suffered injuries and damages (and continues to incur such injuries and damages), in that BOW has not been repaid for the Loans and has not been able to view, verify, or repossess the Collateral.

195.   Accordingly, BOW is entitled to judgment against Defendants, including an award of compensatory damages, special damages, punitive damages, exemplary damages, costs, expenses, interest, and all other relief available under law.

## COUNT TWELVE – RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT ("RICO") AGAINST ALL DEFENDANTS

196.   BOW adopts, restates, and re-alleges Paragraphs 1-195 above as if fully set forth herein.

197.   This is a civil RICO action brought pursuant to 18 U.S.C. § 1964(c) and (d).

198.   BOW is a "person" within the meaning of 18 U.S.C. § 1961(3) and 1964(c).

199.   Defendants are "persons" within the meaning of 18 U.S.C. § 1961(3) and 1962.

200.   Defendants operated and managed an association-in-fact for the purpose of unlawfully obtaining loan proceeds from BOW by fraudulent means.  The association-in-fact was an "enterprise" within the meaning of RICO, 18 U.S.C. § 1961(4).  Defendants organized their RICO enterprise into a continuing and cohesive unit with specific assigned responsibilities.

201.   Defendants participated in the operation and management of the enterprise.  At all relevant times, this enterprise was engaged in, and its activities affected interstate and foreign commerce, within the meaning of RICO, 18 U.S.C. § 1962(c).

202.   Each Defendant, by engaging in the acts set forth above, conducted or participated, directly or indirectly, in the conduct of the enterprise's affairs through

a "pattern of racketeering activity" within the meaning of RICO, 18 U.S.C. § 1961(1) & (5), in violation of RICO, 18 U.S.C. § 1962(c).

203.   Defendants, on multiple occasion, and in furtherance of their scheme to defraud and to obtain money by means of false and fraudulent pretenses, knowingly caused to be sent and delivered across state lines by mail loan applications, agreements, and related documents containing knowingly false information intended to induce BOW to enter into loan agreements with Defendants.  The acts constituted violations of the federal mail fraud statute, 18 U.S.C. §1341.

204.   Defendants, on multiple occasion, and in furtherance of their scheme to defraud and to obtain money by means of false and fraudulent pretenses, knowingly caused to be transmitted, by means of wire communication loan applications, agreements, and related documents containing knowingly false information intended to induce BOW to enter into loan agreements with Defendants, in violation of the federal wire fraud statute, 18 8U.S.C. § 1341.  Specifically, each loan application was transmitted by means of wire communication in interstate or foreign commerce and constituted a separate violation of 18 U.S.C. § 1342, and a separate act of racketeering.  The Defendants' use of interstate wire communications to submit their fraudulent loan applications was also integral to the scheme and the operation and maintenance of the enterprise.

205.   Defendants, on multiple occasions, and in furtherance of their scheme

to defraud and to obtain money by means of false and fraudulent pretenses, knowingly misrepresented material facts on loan applications and loan agreements in order to defraud BOW, a financial institution, in violation of 18 U.S.C. § 1344.

206.   Each Defendant committed or participated in the commission of two or more of these racketeering acts in violation of 18 U.S.C. §§ 1341, 1343, and 1344. Defendants' racketeering acts were and are multiple, repeated, and continuous.

207.   These multiple racketeering acts were related and constituted a "pattern of racketeering activity" within the meaning of 18 U.S.C. § 1961(5).   The acts alleged were related to each other by virtue of common participants; common victims (BOW and other banks); a common method of commission (creating fraudulent bills of sale, fictitious entities, and other documents to procure the loans); and the common purpose and common result of defrauding BOW, and of enriching the Defendants while concealing their fraudulent activities (obtaining loan proceeds from BOW without actually affording BOW security for the agreements).   The pattern of racketeering activity commenced on or about May 12, 2015, and continued at least until August 6, 2019, and may continue to date.

208.   BOW was directly and proximately injured by the Defendants' pattern of racketeering activity because Defendants' fraudulent misrepresentations regarding the collateral and other information in their loan applications and agreements led to BOW's disbursement of loan funds to Defendants without BOW

having security for these loans as Defendants had agreed to provide it.

209.   As a result of their misconduct, Defendants are liable to BOW for these injuries.

210.   The scope of the Defendants' fraudulent enterprise is not definitively known, and Defendants' demonstrated deceptiveness indicates they may seek to perpetuate their scheme through entities as yet unknown.  Their free transfer of assets among each other and conveyance to asset-holding entities indicates they will seek to conceal or dissipate their assets before a judgment can be secured.

211.   Pursuant to 18 U.S.C. § 1964(c), BOW is entitled to recover threefold its damages plus costs and attorneys' fees.  Pursuant to 18 U.S.C. § 1964(a), BOW is entitled to an order permanently enjoining Defendants and other members of the enterprise from engaging in the unlawful behavior described above and from concealing or dissipating any assets heretofore acquired from the fraudulently procured loans.

## **PRAYER FOR RELIEF**

As a direct, proximate, intended, and foreseeable result of Defendants' conduct described herein, BOW has suffered injuries and damages and continues to incur such injuries and damages.  Accordingly, in addition to all relief requested herein above, BOW requests that the Court enter an appropriate order granting it the following relief:

(a)     A judgment for money damages against each of the Defendants for the balances due to BOW under each of the respective Loan Agreements to which they were a party or a guarantor, plus applicable annual interest accrued;

(b)     Annual accrued interest on the unpaid principal balances due under the Loan Agreements;

(c)     A judgment for money damages against each of the Defendants for special damages, punitive damages, treble damages, and/or exemplary damages based on the Defendants' intentional, wrongful, deceitful, and unlawful conduct as set forth herein;

(d)     A judgment against Defendants requiring Defendants to surrender the Collateral to BOW, to the extent it may exist, pursuant to the Loan Agreements and otherwise requiring Defendants to cooperate with BOW to recover, repossess, and/or dispose of the Collateral;

(e)     All costs and expenses, including reasonable attorneys' fees, incurred by BOW in connection with enforcement of the Loan Agreements, the collection of all amounts that Defendants owe BOW; and recovery, repossession, and/or disposal of the Collateral; and

(f)     All other damages and relief that the Court deems justified under the circumstances.

**Please take notice that Plaintiff demands a jury trial in this case.**

*/s/ Stephen L. Poer*

Stephen L. Poer
John W. Scott
Kara Deal Gamble
*Attorneys for Plaintiff Bank of the West*

**OF COUNSEL:**
**SCOTT DUKES & GEISLER, P.C.**
211 22nd Street North
Birmingham, Alabama 35203
Tel: 205-251-2300
Fax: 205-251-6773
spoer@scottdukeslaw.com
jscott@scottdukeslaw.com
kgamble@scottdukeslaw.com

**Plaintiff will serve the following Defendants by certified mail:**

LSA Corp
Incorp Services, Inc. (Registered Agent)
4142 Carmichael Road
Montgomery, AL 36106

Land Work Tractor & Equipment, LLC
Incorp Services, Inc. (Registered Agent)
4142 Carmichael Road
Montgomery, AL 36106

Lima Sierra Alpha, LLC
Incorp Services, Inc. (Registered Agent)
4142 Carmichael Road
Montgomery, AL 36106

**Plaintiff will serve the following Defendants by private process server:**

Christopher Montalbano
7113 Old Overton Club Drive
Vestavia Hills, Alabama 35242

Deborah Montalbano
4142 Alston Lane
Vestavia Hills, AL 35242

Jennifer Montalbano
107 Chestnut Forest Circle
Helena, AL 35080

Gus Montalbano
4142 Alston Lane
Vestavia Hills, AL 35242